**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 21-cv-1262-WJM-STV

ALESSANDRA MORALES, ESQ.,

     Plaintiff,

v.

LAW FIRM OF MICHAEL W. MCDIVITT, P.C., d/b/a MCDIVITT LAW FIRM, P.C., and
MICHAEL W. MCDIVITT, ESQ.,

     Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE**
**FIRST AMENDED COMPLAINT AND JURY DEMAND AND DENYING AS MOOT**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD CLAIM FOR RELIEF**

---

Plaintiff Alessandra Morales, Esq. filed this employment action against her former employers, Defendants Law Firm of Michael W. McDivitt, P.C., d/b/a McDivitt Law Firm, P.C., and Michael W. McDivitt, Esq. (jointly, "Defendants") on May 7, 2021. (ECF No. 1.)

Before the Court is Plaintiff's Motion for Leave to File First Amended Complaint and Jury Demand ("Motion to Amend"), filed on November 24, 2021. (ECF No. 31.) Defendants responded to the Motion to Amend on December 15, 2021 (ECF No. 38), and Plaintiff replied on January 5, 2022 (ECF No. 40).

Also before the Court is Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief ("Motion to Dismiss"), filed on July 13, 2021. (ECF No. 19.) Plaintiff responded to the Motion to Dismiss on August 4, 2021 (ECF No. 24), and Plaintiff replied on August 25, 2021 (ECF No. 29).

For the reasons set forth below, the Motion to Amend is granted, and the Motion to Dismiss is denied as moot.

## I.  MOTION TO AMEND

**A.    Legal Standards**

Under Federal Rule of Civil Procedure 15(a), a court should allow a party to amend its pleadings "when justice so requires."  "[T]he grant or denial of an opportunity to amend is within the discretion" of the Court, but an "outright refusal to grant [such] leave without any justifying reason" is an abuse of discretion.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Refusing leave to amend is generally only justified upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Id*.

**B.    Analysis**

In her initial Complaint, Plaintiff asserted the following claims against Defendants: (1) interference in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1); (2) retaliation and discrimination in violation of the FMLA, 29 U.S.C. § 2601; and (3) extreme and outrageous conduct/intentional infliction of emotional distress ("IIED").  (ECF No. 1.)  Plaintiff further noted in her Complaint that she had filed a charge of discrimination against Defendants with the Colorado Civil Rights Division ("CCRD") and Equal Employment Opportunity Commission ("EEOC") and "reserve[d] her right to bring claims against Defendants for sex and pregnancy discrimination in violation of Title VII of the Civil Rights Act, the Colorado Anti-Discrimination Act, and the Pregnancy Discrimination Act . . . once they have been administratively exhausted."  (*Id.* at 2.)

Thereafter, between August 27, 2021 and November 23, 2021, the CCRD and

EEOC issued Notices of Right to Sue to Plaintiff.  (ECF No. 31 at 3–4.)  Plaintiff filed her Motion to Amend one day after receiving her final Notice of Right to Sue.  (*Id.* at 4–5.)

In her Motion to Amend, Plaintiff seeks leave to amend her Complaint to add: (1) a claim for sex, pregnancy, and disability discrimination in violation of the Colorado Anti-Discrimination Act, Title VII of the Civil Rights Act, and the Pregnancy Discrimination Act against Defendants; (2) a claim for aiding and abetting in sex, pregnancy, and disability discrimination in violation of Colorado's Anti-Discrimination Act against Defendant McDivitt; and (3) additional factual allegations supporting her claims.  (ECF No. 31; *see also* ECF No. 31-2.)

Defendants argue that the Court should deny the Motion to Amend because Plaintiff "unduly delayed seeking amendment."  (ECF No. 38 at 8.)  According to Defendants, "Plaintiff's putative explanation for the delay—the pendency of her EEO Claims before the EEOC and CCRD—has no merit" because "[n]othing prevented Plaintiff from including allegations supporting her EEO claims in her original May 7, 2021 Complaint, because more than 180 days had passed since she had filed her charges of discrimination."  (*Id.* at 9.)  Defendants further argue "the additional factual allegations Plaintiff seeks to include in her [First Amended Complaint] are blatant and impermissible attempts to cure the deficiencies in Plaintiff's IIED claim described in Defendants' [Motion to Dismiss]" and that Plaintiff should not be permitted to cure deficiencies that could have been cured within the deadlines set forth in Rule 15(a)(1). (*Id.* at 9–10.)

The Court finds Defendants' arguments regarding Plaintiff's purported delay to be utterly without merit and bordering on disingenuous.  Although Defendants point out that Plaintiff could have included her discrimination claims in her original Complaint because

more than 180 days passed since she filed her charges of discrimination, there is nothing prohibiting Plaintiff from seeking to timely amend her complaint to add her discrimination claim after receiving her Notice of Right to Sue letters.[1]  *See Wilkes v. Wyo. Dep't of Emp. Div. of Lab. Standards*, 314 F.3d 501, 505 (10th Cir. 2002), *as amended* (Jan. 14, 2003) (recognizing that a plaintiff can file suit and seek a stay in the district court pending the outcome of her EEOC review and thereafter amend her complaint to add her discrimination claims).  Furthermore, if the Court were to accept Defendants' contention that "Plaintiff should not be permitted to cure deficiencies that could have been cured by prior amendment . . . within the deadlines set by Rule 15(a)(1)" (ECF No. 38 at 10), it would render Rule 15(a)(2)'s requirement that the "court should freely give leave where justice so requires" superfluous.

Moreover, Defendants have not cited a single case, Tenth Circuit or otherwise, where a motion for leave to amend that was filed *before* the amendment deadline expired was held to be untimely.  (*See generally* ECF No. 38.)  Any arguments regarding undue delay are even more tenuous in this case because all discovery has been stayed, and the Court has not yet entered a scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(1).  Indeed, in Defendants' Motion for a Protective Order Staying Pending Exhaustion of the Administrative Process, and Request for Expedited Consideration of Motion, Defendants specifically sought a stay *because* Plaintiff was still

---

[1]  While the pertinent statutes permit a plaintiff to seek a Notice of Right to Sue from the EEOC or CCRD after 180 days have passed from the filing of his or her charge of discrimination, nothing in those statutes *require* a charge party to do.  Moreover, this is one of the relatively few cases in which the EEOC conducted a full investigation of a non-class discrimination charge.  It would have made no sense for Plaintiff to pull her charge out of the EEOC while it was in the midst of its investigation.  As experienced employment litigators, Defendants' counsel are fully aware of this, and their argument on this point is wholly without merit and troubling to the Court.

awaiting her EEOC and CCRD Notice of Right to Sue letters.  (ECF No. 13 at 7 ("Plaintiff's claims likely cannot be fully adjudicated until all her claims against Defendants are before the Court, including the pending EEO Claims.").)  These facts weigh heavily against a finding of undue delay.

Defendants further assert they will "necessarily be prejudiced" by Plaintiff's amendment because they will be required to re-brief the Motion to Dismiss and that "even with the proposed amendments, Plaintiff's IIED claim is incurably defective." (ECF No. 38 at 10–11.)  The Court disagrees.  After all, "courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment.  Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (internal quotation marks and citation omitted).  If the proposed amendments "track the factual situations set forth in [previous or subsisting claims]," then prejudice is highly unlikely.  *Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994).

Here, Defendants have been well-aware of the subject matter relating to Plaintiff's claims since the inception of this litigation.  Because Plaintiff's additional factual allegations simply provide additional context surrounding her claims, Defendant's prejudice arguments are weak and do not meaningfully alter the Court's Rule 15(a) analysis.  *See Childers v. Indep. Sch. Dist. No. 1 of Bryan Cnty., State of Okla.*, 676 F.2d 1338, 1343 (10th Cir. 1982) (ruling that the district court's refusal to allow an amendment was "particularly egregious in this case because the subject matter of the amendment was already alleged in the complaint"); *R.E.B., Inc. v. Ralston Purina*

*Co.*, 525 F.2d 749, 751–52 (10th Cir. 1975) (finding no prejudice when "[t]he amendments did not propose substantially different issues").

Moreover, the interests of justice require resolution of Plaintiff's claims on the merits. *See Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits."); *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090–91 (10th Cir. 1991) ("As a general rule, a plaintiff should not be prevented from pursuing a valid claim . . . , provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." (internal quotation marks omitted)).

Accordingly, the Court grants the Motion to Amend.

## II. MOTION TO DISMISS

Because the Court has granted Plaintiff leave to file an amended complaint, Defendants' Motion to Dismiss is now moot. *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."); *Glass v. The Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot.").

Accordingly, the Court denies as moot Defendants' Motion to Dismiss.

## III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Plaintiff's Motion for Leave to File First Amended Complaint and Jury Demand

(ECF No. 31) is GRANTED;

2.    Plaintiff's First Amended Complaint and Jury Demand (ECF No. 32) is

      ACCEPTED as FILED;

3.    Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief (ECF No. 19) is

      DENIED as MOOT;

4.    The stay of discovery pending resolution of Defendants' Motion to Dismiss

      Plaintiff's Third Claim for Relief (ECF No. 23) is LIFTED; and

5.    The parties are DIRECTED to jointly contact United States Magistrate Judge

      Scott T. Varholak's chambers by no later than **February 10, 2022** to set a

      Scheduling Conference, or such other proceeding as Judge Varholak deems

      appropriate to move this action forward.

      Dated this 8th day of February, 2022.

                                        BY THE COURT:


                                        _____
                                        William J. Martinez
                                        United States District Judge