**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:21-cv-01262-WJM-STV

ALESSANDRA MORALES, ESQ.,

    Plaintiff,

v.

MCDIVITT LAW FIRM, P.C.,
LAW FIRM OF MICHAEL W. MCDIVITT, P.C., and
MICHAEL W. MCDIVITT, ESQ.,

    Defendants.

**JOINT MOTION FOR ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION**

Pursuant to D.C.COLO.LCivR 16.6, Plaintiff Alessandra Morales, Esq. ("Plaintiff") and Defendants McDivitt Law Firm, P.C., Law Firm of Michael W. McDivitt, P.C., and Michael W. McDivitt, Esq. (collectively, "Defendants," and, with Plaintiff, the "Parties"), by and through their undersigned counsel, respectfully submit the following Joint Motion for Order to Participate in Alternative Dispute Resolution, requesting referral to Magistrate Judge Michael Hegarty, and state as follows.

1.    On May 7, 2021, Plaintiff filed her Complaint in this Court. [Dkt. #1].

2.    On July 13, 2021, Defendants moved to partially dismiss claims in the Complaint. [Dkt. #17].

3.    On November 24, 2021, Plaintiff moved to amend her Complaint. [Dkt. # 31].

4.    On February 4, 2022, the Court granted Plaintiff's motion to amend the Complaint.

[Dkt. #41].

5. On March 1, 2022, Defendants moved to partially dismiss claims in the Amended Complaint. [Dkt. #45] (the "Motion to Dismiss").

6. On March 29, 2022, the Court entered a Scheduling Order. [Dkt. #50], and the parties have been engaging in discovery since that date.

7. On November 16, 2022, the Court granted in part and denied in part Defendant's Motion to Dismiss. [Dkt. #62].

8. Pursuant to D.C.COLO.LCivR 16.6, the Parties respectfully request that the Court set a settlement conference in this case. Per Local Rule 16.6, this would facilitate settlement of the suit by allowing the Parties to avoid the expense of further engaging in discovery, which will likely include extensive expert discovery and witness depositions, and potentially proceeding to trial.

9. The Parties have attempted to engage in informal settlement discussions, but at this stage, they believe that they will benefit from a settlement conference with a Magistrate Judge at his or her earliest availability. A settlement conference in this case is more appropriate than private alternate dispute resolution, because (1) the Parties engaged in a pre-litigation private mediation, which was unsuccessful; and (2) the costs of private mediation for an individual are burdensome.

10. Further, the parties believe that a settlement conference with a Magistrate Judge at this juncture will significantly enhance the prospect for prompt resolution given the procedural posture of the case. The Court's recent ruling on the Motion to Dismiss and the current status of discovery—where the parties have each responded to significant written discovery requests, but have not yet incurred substantial legal fees engaging in expert discovery and depositions—provide a ripe opportunity for a possible resolution of this dispute.

11. The parties will be prepared to submit mediation statements as requested or required by the Magistrate Judge on a date prior to the scheduled mediation.

12. While the Parties defer to the Court's schedule and availability, the Parties respectfully request that the settlement conference be held prior to December 23, 2022. Plaintiff is expected to give birth on or around January 1, 2023, and will not have ability to participate in a settlement conference in early 2023, and counsel for Defendants is traveling and thus unavailable the week of December 26 – 30, 2022.

13. Further, because D.C.COLO.LCivR 16.6(c) states that a magistrate providing ADR may be disqualified from the case, the Parties hereby request that Magistrate Judge Michael Hegarty be appointed to conduct mediation between the parties. Magistrate Judge Varholak is the assigned magistrate for this case, and has already held a discovery conference to resolve ongoing issues between the Parties. The Parties anticipate that, if mediation is unsuccessful, there will be additional need for Judge Varholak to resolve disputes and motions. Consequently, in order to avoid potential disqualification of Judge Varholak, the parties believe assignment to a different magistrate for ADR is appropriate.

14. Counsel for the Parties have both had favorable experiences with Judge Hegarty, and believe he is well equipped to provide a realistic chance of successful ADR.

15. The Parties will immediately contact the appropriate magistrate's chambers to facilitate scheduling of ADR if the Court grants this Motion.

16. Lastly, under D.C.COLO.LCivR 16.6(a), the parties respectfully request that this Court modify the expert disclosure deadline in this case, set under the Schedule Order for January

13, 2023, until four weeks after the settlement conference is completed in order to ensure the efficient use of limited party and judicial resources and facilitate resolution of this suit.

WHEREFORE, the parties respectfully request the Court to order the parties to participate in ADR pursuant to D.C.COLO.LCivR 16.6 with Magistrate Judge Michael Hegarty.

Respectfully submitted this 13th day of December, 2022.

| | |
|---|---|
| *s/ Clayton E. Wire* <br> Emily Stevens <br> Clayton E. Wire <br> OGBORN MIHM, LLP <br> 1700 Lincoln Street, Suite 2700 <br> Denver, Colorado 80203 <br> Phone: 303-592-5900 <br> Fax: 303-592-5910 <br> Clayton.wire@omtrial.com <br> Emily.Stevens@omtrial.com <br><br> *Attorneys for Plaintiffs* | *s/ David Gartenberg* <br> Carolyn B. Theis <br> David C. Gartenberg <br> LITTLER MENDELSON PC <br> 1900 16th Street, Suite 800 <br> Denver, CO 80202 <br> Tel: 303-629-6200 <br> dgartenberg@littler.com <br> catheis@littler.com <br><br> *Attorneys for Defendants* |